STATE *ex rel.* ANDREWS V. BOYDEN *et al.*, County Commissioners *et al.*

1. Rev. Pol. Code, § 824, requires boards of supervisors to keep a book in which all orders and decisions made by it, except those relating to roads and bridges, shall be recorded. Section 885 makes it the duty of the auditor to keep an accurate record of the board's official proceedings, and Const. art. 9, § 3, declares that whenever a majority of the legal voters of any organized county shall petition the board to change the location of the county seat which had once been located by a majority vote, specifying the place to which it is to be changed, the board shall submit the same to the people of the county at the next general election. Held, that where a taxpayer and resident of a county presented a petition for a change of the county seat to the board of supervisors, and the board met to consider the same on a certain day, and found that the petition was signed by a majority of the legal voters of the county, which finding the auditor was directed to record, but which he failed to do, and the board thereafter willfully, falsely, and fraudulently refused to enter such finding in its records, with intent to falsify the same, the petitioner was entitled to maintain mandamus against the board to compel it to amend the record according to facts, under Rev. Code Civ. Proc. § 764, providing that mandamus may be maintained to compel the performance by any board or person of an official duty enjoined by law.

2. Where, in a proceeding for mandamus to compel the board of supervisors to amend its records according to the facts, relator might be benefitted by the relief prayed, and it appeared that the board's official duty to provide a correct record of its proceedings had not been performed, and it could not be injured by the issuance of the writ, it was no abuse of the trial court's discretion to grant the same.

(Opinion filed September 12, 1904 )

Appeal from circuit court, Charles Mix county; Hon. E. G. SMITH, Judge.

Mandamus by the state on the relation of T. E. Andrews against O. L. Boyden and others. From a judgment directing

the issuance of a peremptory writ, defendants appeal. Affirmed.

*French & Orvis,* for appellants.

*G. P. Harben (Horner & Stewart,* of counsel), for respondents.

HANEY, J. An amended alternative writ of mandamus having been issued by the circuit court commanding defendants Boyden, Campbell and Peters, as commissioners, the board of county commissioners, and Van Der Voort, as auditor of Charles Mix county, to at once amend the records of the January, 1904, session of the board, pertaining to a petition alleged to have been presented to the board relative to the location of the county seat in said county, "so as to show that on the 6th day of January, 1904, the said county board, after investigation of said petition of the relator and 1,525 others, did make and find that said petition contained the names of 1,506 legal voters of said county at that time, and that said number of 1,506 legal voters was a legal majority of all the legal voters of said county at said time," or to show cause at a time and place specified therein why they should not so amend such records, defendants Campbell and Peters, a majority of the commissioners, appeared and moved to quash the amended writ. This appeal is from an order overruling such motion and directing the entry of a judgment awarding a peremptory writ as prayed by the plaintiff.

The only assignment of error is that the court erred in overruling appellants' motion, and the only ground of such motion relied on in this court is that the amended alternative writ does not state facts sufficient to entitle the plaintiff to any relief. For the purposes of the motion and this appeal, the

following facts recited in the writ must be taken as true: That the respondent is a taxpayer and resident of Platte, in Charles Mix county; that on January 5, 1904, he and 1,525 other legal voters of the county presented to the board a petition praying for an order submitting the question of changing the location of the county seat from Wheeler to Platte; that the board considered such petition; that it concluded its consideration thereof at the hour of 4 o'clock p. m., January 6, 1904, and found that said petition was signed by a majority of the legal voters of the county; that thereupon the auditor was directed to make a record of such finding in the minutes of the board; that by mistake the auditor failed to record such finding; that when such finding was made no names had been withdrawn from the petition; that on April 5, 1904, the relator demanded of the auditor and of the board that the records of the January session be amended so as to show that on January 6, 1904, "said board found that 1,506 legal voters, whose names are on said petition, constituted a legal majority of all the legal voters of said county," and that appellants Campbell and Peters, being a majority of the board, "then and there willfully, falsely, and fraudulently and well knowing the facts to be as above alleged, and designedly intending to falsify said record in that respect, and to injure the plaintiff and his co-petitioners, and to prevent the records of said board from showing the above facts, and in furtherance of said false and fraudulent purpose, then and there voted to approve the records as they then were, well knowing that said record failed to contain the facts as above set forth; that said defendants then and there refused to amend said record, and to incorporate therein the facts as above stated."

The writ of mandamus may be issued by the supreme and circuit courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. Rev. Code Civ. Proc. § 764. The duty of the board of county commissioners concerning the matter in controversy is thus clearly defined by the state constitution: "Whenever a majority of the legal voters of any organized county shall petition the board to change the location of the county seat which has once been located by a majority vote, specifying the place to which it is to be changed, said board shall submit the same to the people of the said county at the next general election." Const. art. 9 § 3. Whenever a petition purporting to be signed by a majority of the legal voters of the county is presented to the board, it is the duty of the board to consider such petition, and decide whether or not a majority of the legal voters of the county are asking for the submission of the question specified therein. As we construe the allegations or recitals of the amended alternative writ, it discloses that such a petition was presented; that it was considered by the board at its regular session; that such consideration was concluded, and that the board, acting as such, decided that a majority of the voters of the county had petitioned for the submission of the question of changing the location of the county seat. If this be so what was the duty of the board and the auditor with respect to recording such decision? It is a duty of the board, which the law specially enjoins, to keep a book in which all orders and decisions made by it, except those relating to roads and bridges, shall be recorded. Rev. Pol. Code § 824. It is a duty of the auditor, which the law specially enjoins, to keep an

accurate record of the board's official proceedings.　Id. § 885. Such records are created by the board, are under its control, and in contemplation of law are in its possession.　State ex rel. Lindsay v. Boyden et al., 18 S. D. 379, 100 N. W. 761.　Therefore, assuming the recitals of the writ to be true, it appears that the board made a decision which should have, but which has not, been recorded.　It has in this respect failed and refused to perform an act which the law specially enjoins as an official duty, and it may be compelled by mandamus to perform such duty.　Rev. Code Civ. Proc. § 764.

The contention that, notwithstanding it was the duty of the board to record its decision, the order appealed from should be reversed because no substantial benefits will result from the contemplated amendment, is not tenable.　Undoubtedly, the issuance of a writ of mandamus is largely within the discretion of the court to which application is made, and is not always a matter of right.　13 Ency. Pl. & Pr. 598.　But the same discretion is invoked and exercised when the writ is granted as when it is refused, and when it clearly appears that an official duty has not been performed an order granting the writ should not be reversed in the absence of manifest abuse of this discretion.　When a court is satisfied that no substantial benefits can result, it is certainly justified in declining to issue the writ; but when doubt exists as to its effect, and it appears that an official duty has not been performed, there is no abuse of discretion in compelling the performance of such duty.　In the case at bar, while the defendants cannot be injured, the relator may be benefitted by the order of the circuit court.　What the records of the board will show when amended does not appear. Whether the entire proceedings of the board at the January,

1904, session, when amended, will disclose a condition of affairs which permits or requires the submission of any question to the voters of Charles Mix county at the next general election cannot be determined or discussed on this appeal. We simply decide that upon the facts confessed by appellant's motion the learned circuit court did not err or abuse its discretion in ordering the issuance of a peremptory writ commanding the appellants to amend the record of the board in the respect specified in the amended alternative writ.

The order appealed from is affirmed.