# STATE ex rel. HOLMES, Respondent, v. ALLEN KERNES, Appellant.

### Kansas City Court of Appeals, May 4, 1914.

1. MANDAMUS: School District Clerk: Record. Mandamus will lie to compel a school district clerk to record in proper form an order of the school board calling an election to decide upon the consolidation of two school districts, and the result of such election.

2. ———: District Clerk: Duties. It is no part of the duties of a school district clerk to question the legality of the proceedings of the school board in ordering an election.

State ex rel. v. Kernes.

3. ————: Remedy: Election Contest.   Mandamus is not a proper remedy to contest an election held by a school district by order of the board of directors.

4. ————: Legal Proceeding: Evidence.   In mandamus, the appellate court will affirm the finding of fact made by the trial court if sustained by substantial evidence.

Appeal from Buchanan Circiut Court.—*Hon. William D. Rusk,* Judge.

AFFIRMED.

*L. C. Gabbert* and *Orestes Mitchell* for appellant.

The peremptory writ should have been denied. Abbott v. Adcock, 225 Mo. 335, 363; State ex rel. v. Lesueur, 136 Mo. 425, 459; State ex rel. v. Associated Press, 159 Mo. 410.

*R. W. Grier* and *Broaddus & Crow* for respondent.

ELLISON, P. J.—Relator is a resident of the school district of Easton in Buchanan county and he instituted this mandamus proceeding to compel respondent as the clerk of District No. 15, in said county to enter proper orders of record alleged to have been made by the school board of the latter district calling an election to determine whether there should be an annexation of said district to the adjoining district of Easton. An alternative writ was issued by the circuit court of Buchanan county and on hearing it was made peremptory; whereupon respondent appealed.

This proceeding results from the wrongful refusal of respondent to enter on the school record the matters which the trial below, or the admission of the parties, showed actually took place. Complaint is made of the insufficiency of the order for the election as recorded by the clerk. Such record is as follows:

"Meeting called by the board of directors for the purpose of ordering the clerk to post notices of the Annual Meeting, and also to post notices of a Special Meeting for the purpose of voting on the proposition of annexation of District Number Fifteen to that of Easton District for school purposes. Done by order of the board the 13th day of March, 1913. ALLEN KERNES, Clerk, P. J. FISHER, President."

It is apparent from what is here inaptly and incompletely set down, that a formal and proper order for an election showing time and place, with proper notice, etc., should have been entered; and when to this is added the other evidence, including that of the respondent himself, there is no doubt a proper order was made. The excuses that the board meeting was not formally called to order are of no force.

It appears that the relator, as directed, posted proper notices of the election and an election was held. A proper minute of this election and the result thereof was made out and given to the respondent showing the proposition had carried, but he refused, or at least, failed to enter it of record. The excuse made by him in his return, in addition to there being no proper order, is that no proper election was held and that certain voters for the proposition were not qualified. The respondent thus assumed to himself authority properly belonging to the Courts of the State. It is not his concern in this proceeding, whether certain voters were, or were not, qualified. An election contest is a statutory proceding, and we have no provision for contesting an election for consolidation of school districts by mandamus. [Kehr v. City, 136 Mo. App. 322; State v. Gamma, 149 Mo. App. 694.] The trial court very properly refused to hear that phase of the case as presented to it.

But it is said that respondent should have been requested to do the things it is now sought to command him to do, and it is insisted that no such request was

made. This insistence is not sustained by the record. The evidence, with legitimate inferences, clearly shows such request.

We have examined the evidence and find it justifies the judgment of the trial court. This proceeding is one at law and we feel bound by the finding if it has substantial evidence to support it. [State ex rel. v. Ins. Co., 169 Mo. App. 354.]

We do not find any objection to the amendment complained of. At any rate there does not appear to have been any exception taken. The judgment was manifestly for the right party and it is affirmed. All concur.