STATE OF MISSOURI at the relation of SCHOOL DISTRICT No. 24 OF ST. LOUIS COUNTY, known as LAKE SCHOOL DISTRICT ET AL., Relators, v. MARTIN L. NEAF as County Assessor of St. Louis County et al.— 130 S. W. (2d) 509.

Court en Banc, July 5, 1939.

*Joseph T. Davis* for relators.

*C. W. Detjen, Arthur U. Simmons, Roy McKittrick,* Attorney General, and *Tyre Burton,* Assistant Attorney General, for respondents; *M. P. Phillips* of counsel.

*Iyoe, Carroll, Keefe & McAfee* for St. Louis County Gas Company, *amicus curiae.*

GANTT, J.—Action in mandamus. Relators seek to compel the assessment and taxation of the mains, pipes, hydrants and appurtenances of the St. Louis County Water Company as if the same were located in school district No. 24 of St. Louis County, known as Lake School District. The power plant and reservoirs of the company are located in said district. The water company serves St. Louis County, including many school districts and municipalities in said county. The mains, pipes, hydrants and appurtenances prior to 1939, had been assessed in Lake School District as appurtenant to the land on which the power plant is located. Of course, said assessments were made on the theory that the appurtenances were a part of said land. In 1937, Section 9977, Revised Statutes 1929 (Laws 1937, pp. 545, 546, 547), was amended by providing as follows:

"All mains, pipes, meters and other equipment, constituting parts of a single, common or unified distributing system for supplying water or gas to two or more incorporated municipalities, belonging to any water company or gas company, firm, corporation, association or person, shall be treated for tax purposes, as personal property and shall be taxable as such where situated."

Under the amendment the mains, pipes, hydrants and appurtenances were assessed for the year 1939 where located. The assessor refused to change the assessment and locate said property in Lake School District as a part of the real estate of the company. Thereupon relators instituted an action in the circuit court to enjoin the assessor from assessing said property where located on the ground that the amendment to Section 9977, Revised Statutes 1929, is unconstitutional. The circuit court refused to issue a temporary injunction restraining the assessment of the property where located and set the cause for trial at the May Term, 1939, of said court. Thereupon plaintiffs (relators here) dismissed said petition in the circuit court and petitioned this court for relief by mandamus.

Relators argue that, under Section 53, Article IV, Constitution of Missouri, said amendment is an arbitrary and unreasonable classification of said property for taxation. It is uniformly ruled

that it must so appear beyond a reasonable doubt. They also argue that said amendment violates the equal protection clause of the Federal Constitution.

Respondents insist that the questions should not be ruled in mandamus. The amendment is presumed to be constitutional. If possible, under the general rule, the question of the validity of the amendment should be given deliberate consideration upon a full trial of the cause. "The office of mandamus is to execute not adjudicate." The writ may be freely used to compel the performance of ministerial official duties. Even so, the right to the writ must not be doubtful. However, under extraordinary emergencies and in matters of more than local concern, we have ruled in mandamus the question of the constitutionality of statutes. We also have ruled such questions in mandamus where the statute was clearly and obviously unconstitutional. In this connection it should be stated that in Missouri there are thirty privately owned water systems serving the public. Each of three of said systems, including the St. Louis County Water Company, serve two or more municipalities. Each of the other water systems serve only one municipality. For ought that appears, the said three tax-paying water systems are not complaining of the validity of the amendment.

On the record the Lake School District is the only complainant. If relator, the Lake School District, is directly interested in the taxation of said property as a part of the real estate of the company, by the same token the many municipalities and school districts in St. Louis County are directly interested in the taxation of said property where located. In other words, the issuance of a peremptory writ would affect others not parties to this action, and for that reason deliberate consideration should be given to the issues. Furthermore, the existence of an extraordinary emergency is not presented by the record. It is a matter only of local concern, and the amendment is not clearly and obviously unconstitutional.

Relators viewed injunction as an adequate remedy until the trial court refused to issue a temporary restraining order. It may be inferred from said ruling that said court was of the opinion that the amendment was not obviously unconstitutional.

Under the facts and circumstances presented by the record, the peremptory writ should be denied. It is so ordered. All concur, except *Hays, J.,* absent.