THE STATE OF MISSOURI, ex rel. W. E. LOVELL and K. B. TURPIN (Relators), Appellants, v. JAMES TINSLEY, BASIL HALSEMA and CLAUDE ALLEN, Directors of Edgewood School District No. 29, Pike County, Missouri, Respondents.—236 S. W. 2d 24.

St. Louis Court of Appeals. Opinion filed January 16, 1951.

Respondents' motion for rehearing, or, in the alternative, to transfer cause to the Supreme Court of Missouri overruled February 16, 1951.

Respondents' application to transfer cause from the St. Louis Court of Appeals denied by Supreme Court April 9, 1951.

*Warren H. May,* for Appellants.

692

*Andrew J. Murphy, Jr.* and *F. D. Wilkins,* for Respondents.

HOUSER, C.—An alternative writ of mandamus was issued by the Circuit Court commanding James Tinsley, Basil Halsema and Claude Allen, Directors of Edgewood School District No. 29 of Pike County, to immediately rewrite or cause to be rewritten by their officers the minutes of the annual meeting of Edgewood School District No. 29 held on April 5, 1949 "so that same will correctly state and set forth what actually transpired at said meeting," or to show cause at a certain time and place for their refusal so to do.

Respondents filed a motion to quash which was argued, briefed and by the trial court sustained, whereupon judgment was rendered quashing the alternative writ of mandamus, and dismissing and striking from the files the relators' petition. Following the overruling of their motion for a new trial, relators perfected their appeal to this court.

The correctness of the action of the trial court in quashing the alternative writ of mandamus and striking relators' petition is here for review.

The motion to quash the alternative writ served the function of a motion to dismiss for failure to state a claim upon which relief could be granted, so that for the purposes of the motion and of this appeal the following facts stated in relators' petition must be accepted as true, State ex rel. St. Louis-San Francisco Ry. Co. v. Darby, 333 Mo. 1145, 64 S.W. 2d 911; State ex rel. and to Use of Markwell v. Colt, Mo.App., 199 S.W. 2d 412: that relators are citizens, taxpayers and resident householders of Edgewood School District No. 29; that respondent James Tinsley is the clerk, respondent Claude Allen is the president and that they, together with respondent Basil Halsema, comprise the board of directors of the school district; that a petition for consolidation of Edgewood School District No. 29 and Cyrene-Prairie Mound School District No. C-3 was presented to the clerks of the respective districts and that both clerks, upon receipt of the petition, posted the required notices for the prescribed period of time prior to the annual meeting of the school district on April 5, 1949; that on the appointed day the annual meetings were held in both districts; that in Edgewood district the meeting was called to order by Claude Allen and E. P. Jett was elected chairman of the meeting and James Tinsley filled his office as clerk thereof; that the first order of business was the election of one school director; that tellers were appointed; that relator W. E. Lovell and respondent Claude Allen were nominated, a vote was taken, and when counted and announced by the chairman showed that 23 votes had been cast for relator W. E. Lovell and 19 votes had been cast for respondent Claude Allen; that W. E. Lovell was declared the winner and duly elected; that the annual levy of $1 on each $100 valuation was then approved; that the next order of business was the proposition to form the new school district; that a vote was taken which, on the first ballot, resulted in 21 votes for and 21 votes against said formation; that a second vote was taken which resulted in 23 votes for and 19 votes against said formation, which vote was given by the tellers to the chairman, who announced the same to the meeting and the formation was declared carried, whereupon the meeting adjourned; that on April 26, 1949 a purported copy of the minutes of the meeting of the Edgewood School District was filed in the office of the superintendent of schools in Pike County, which said minutes are false and incorrect in that they state that "Claude Allen was elected a director, eight votes were challenged

and not counted" and that on the second ballot the proposal to consolidate with District No. C-3 "8 votes were challenged and not counted, and the final result of said voting was for consolidation 15, and against consolidation 19, the petition to consolidate was defeated," all of which is false and untrue; that the minutes do not speak the truth of what transpired at the meeting and were written with the purpose of defeating the consolidation and of retaining Claude Allen as director of Edgewood School District; that the minutes were not made public until long after the time for appeal to the county superintendent of schools had expired, with the purpose of preventing a board of arbitration from ordering said consolidation; that the consolidation proposal was voted upon favorably at the annual meeting of Cyrene-Prairie Mound School District on April 5, 1949.

The petition further alleges that it is to the interest of the public generally and especially to the residents of Edgewood School District that the minutes speak the truth as to what actually transpired at said annual meeting "to the end that said consolidation may be declared perfected," and prayed judgment in the same language used in the command of the alternative writ.

The duties of the secretary of the annual meeting of a school district, which were performed in this instance by the clerk of the district, are definitely set forth in the powers of voters at the annual meeting, R.S.Mo., 1939, Section 10419, Mo.R.S.A., as follows:

"First—To organize by the election of a chairman and a secretary, *who shall keep an accurate record of the proceedings of the meeting,* which, when duly approved and attested by the signature of the chairman, the clerk shall enter upon the record of the district." (Italics ours).

The vital question on this appeal is whether mandamus is the proper remedy to effect the rewriting of the minutes of an annual school district meeting where the original minutes record the election of a certain person as school director and that a proposal to consolidate with another school district was defeated, when in truth and in fact a different person was elected school director and the consolidation proposition actually was acted upon favorably.

Our conclusion is that mandamus is the proper and only expeditious and immediately available remedy.

Its use to compel the secretary of a board of supervisors of a levee district to record the minutes of a meeting of the board, where he had failed and refused to record the proceedings had at a meeting at which certain resolutions were adopted, was approved in State ex rel. William R. Compton Co. v. Walter, 324 Mo. 290, 23 S.W. 2d 167. Speaking of the clerk the court said, p. 170:

"* * * he could be coerced by mandamus to make the record speak the truth, either by recording that which he had failed to

record or *correcting that which he had incorrectly recorded.*" (Italics ours)

In State ex rel. Holmes v. Kernes, 180 Mo.App. 355, 167 S.W. 1080, the action of the trial court in making peremptory an alternative writ of mandamus issued by it against the clerk of a school district to compel him to enter proper orders of record alleged to have been made by the school board calling an election to determine whether there should be an annexation to the adjoining school district, was sustained.

Other authorities supporting the conclusion that mandamus may be employed for the correction and amendment of municipal records include the following: 19 R.C.L. 903, Sec. 202; Bailey on Habeas Corpus and Special Remedies, Vol. 2, p. 985; High, Extraordinary Remedies, 3d Ed., p. 322, Sec. 329a; 55 C.J.S. 325, Sec. 173b; State ex rel. Andrews v. Boyden, 18 S.D. 388, 100 N.W. 763; Hill v. Goodwin, 56 N. H. 441.

In McQuillin on Municipal Corporations, 2d Ed., Vol. 2, page 646, Section 658, it is said that amendments of municipal records "may be compelled on order of court, and mandamus will lie for this purpose."

It is of the utmost importance that public officers who are charged with the duty of accurately recording proceedings of public bodies faithfully execute the trust reposed in them. The fidelity of the record is imperative. It is the tangible evidence of what transpired. It expresses the decision made by the authority. The rights of the public and of individuals depend upon its accuracy. When it is made to appear to a court of justice that a clerical officer has violated his statutory duty to record accurately, and has knowingly composed a false record which recites the opposite of that which in truth transpired at a public meeting, he will be compelled by the hard and fast, inflexible and unreasoning writ of mandamus to undo his mischief, and amend his wrong.

Mandamus is a writ which lies "to compel the undoing of a thing wrongfully and improperly done, when such wrongfully and improperly done thing precludes or prevents rights to which one is under the law entitled." Mahon v. Scearce, Mo. App., 228 S.W. 2d 384, loc.cit. 389.

Respondents assert, however, that the office of mandamus is to execute, not to adjudicate, and that it cannot be used to ascertain or adjust mutual claims or rights between parties, citing State ex rel. School Dist. No. 24 of St. Louis County v. Neaf, 344 Mo. 905, 130 S.W. 2d 509; State ex rel. Horton v. Bourke, 344 Mo. 826, 129 S.W. 2d 866; State ex rel. Frank v. Becker, Mo.Sup., 9 S.W. 2d 153.

These cases do not support respondents' position. The constitutionality of a statute which is not plainly unconstitutional is not involved in the decision in the case at bar, as in the Neaf case. There is no question about the right sought to be enforced, namely, the right of relators and of the public to have the minutes accurately reflect the

truth concerning decisions made at a public meeting. The right is not doubtful, as in the Bourke case. The right which arose out of the facts set forth in the petition is certain, meritorious, and emanated from a duty plainly and unequivocally imposed by law. An equity suit to expunge the record made would not effectuate the right as in the Bourke case. No other adequate remedy is available.

In the Becker case, the relator sought to compel action on the part of a public officer which would have required him to proceed contrary to law; the right was of uncertain merit, doubtful, not established, and there was no duty imposed by law on the officer to do the things the court was asked to command him to do; and the charge of fraud was neither admitted nor proved; a situation altogether distinguishable from the facts alleged in this petition.

The rule that the function of the writ is to execute, not to adjudicate, and that it cannot be used to ascertain or adjust mutual claims or rights between parties, refers to matters requiring the exercise of discretion in good faith, such as auditing, computing, casting up operations, passing on claims and determining amounts due, wherein fact issues and something more than a mere ministerial act are necessarily involved. Perkins v. Burks, 336 Mo. 248, 78 S.W. 2d 845; State ex rel. Davis v. Newton, Mo.App., 172 S.W. 2d 872, loc.cit. 874. In such cases the parties ordinarily will be required to establish and fix the amount or extent of their claim in another proceeding before they are entitled to resort to mandamus. This is not to say that when a fact issue develops, litigants are thereby deprived of the right to maintain a mandamus action. It does not mean that there is no right to the writ unless the facts are conceded and undisputed. If that were true, respondents in mandamus could prevail in, every case by the simple expedient of filing a general denial and contesting the facts set up in the petition and alternative writ.

If the decision of the case at bar necessarily and inevitably involved the validity of election returns or ballots, the determination of the qualifications of those who purported to cast votes at the meeting, or the propriety of challenges, the use of the writ might very well be denied on the ground that it required the exercise of quasi-judicial, discretionary powers. Such is not the case here. Observing, recording and reciting the business transacted at a meeting, and writing or rewriting the minutes to speak the truth, does not call on respondents for the exercise of discretion, but rather involves only the mechanical, ministerial act of faithfully recording and certifying to the truth concerning what happened. Truth is established, fixed, constant, eternal. It is not subject to the exercise of discretion or construction. It is not variable. In reporting the truth, the clerk has no latitude, power of free decision, or room to decide at will or according to his pleasure.

The simple issue in this lawsuit is that of determining which of the two sets of facts represents the truth respecting the proceedings

at the annual school meeting, i.e., whether W. E. Lovell received 23 or 15 votes for school director; whether or not 8 votes for W. E. Lovell were challenged and not counted; whether Lovell or Allen was declared elected; whether or not after the first vote on consolidation which resulted in a tie, the proposition was declared lost and defeated; whether the second vote taken on the proposition showed 21 votes for and 19 votes against, or 15 votes for and 19 votes against the proposition; whether the chairman declared the proposition carried or defeated; whether the minutes were true or false, and if false, whether the minute entries were knowingly entered and certified to falsely. These questions can be properly determined in a mandamus proceeding without doing violence to the rule relied on by respondents.

Respondents claim that this proceeding is not an effort to compel them to do something enjoined upon them by law, which they claim they have already done, but rather is an attempt to compel them to *rescind* action taken and to take different action; that having acted on a matter involving the exercise of discretion, their powers in the premises have been exhausted and mandamus will not lie against them to compel them to make a different return.

It is true that the general rule is that in matters involving the exercise of discretion

"mandamus will not lie when the officer sought to be mandamused has, in good faith, performed a duty prior to the institution of the suit requiring him to act, provided that in such performance he was acting within his jurisdiction, and it was not the result of some clerical error,"

State ex rel. Richardson v. Baldry, 331 Mo. 1006, 56 S.W. 2d 67, loc.cit. 71; State ex rel. Hagerman v. Drabelle, Mo.Sup., 191 S.W. 691, but, as we have shown, infra, recording and certifying the truth is not a matter of discretion, and even if we should concede, for the purpose of the argument, that an exercise of discretion is involved, there is a well-defined exception to the general rule, namely, that

"where the law is clear and unambiguous and the facts are undisputed, mandamus will lie where the officer sought to be mandamused has 'clearly manifested a determination to disobey the law.' In such a case the courts will issue the writ and even undo the wrong committed by the officer and compel him to act according to law." State ex rel. Hagerman v. Drabelle, supra.

Thus, in State ex rel. Kelleher v. Board of President & Directors of St. Louis Public Schools, 134 Mo. 296, 35 S. W. 617, where the board of public schools in appointing election officials under a statute requiring that they be appointed on a bi-partisan basis, in flagrant violation of the law, appointed judges and clerks, all of whom were members of a particular political party, the court by mandamus compelled the board to rescind its action and to make new appointments in obedience to the command of the statute.

Where a public officer disobeys the law, no exercise of discretion in good faith is involved. His wrongful act constitutes an abuse of discretion, which is controllable by mandamus. The court said, p. 307:

"These authorities sufficiently indicate that when an inferior tribunal or official body, charged with the performance of a duty involving a discretion in the exercise thereof, is guilty of a gross and palpable violation of the discretion confided to it, this court, in the exercise of the superintending control conferred by the constitution of the state, will control the inferior tribunal by its writ of mandamus, especially if the right violated pertains to the public."

The facts alleged in the petition in the case at bar bring it within the exception to the general rule and present a situation which, in effect, amounts to a refusal on the part of public officials to perform their public duties, by failing to record the facts which actually transpired, and by recording facts which did not occur, the effect of which is to nullify the action of the public in attendance at an annual school district meeting. This constituted a gross abuse of authority, an outright violation of the statute and a flagrant disregard of duty, resulting in a manifest injustice. In such instance the courts should and will employ mandamus to enforce justice.

Respondents contend that mandamus is not a proper remedy to contest an election held by a school district or to try title to office, and that the question whether Claude Allen or W. E. Lovell was elected director and whether Edgewood and Cyrene-Prairie Mound districts were consolidated cannot be litigated in this proceeding, but only by the state in a direct proceeding, citing State ex rel. Holmes v. Kernes, 180 Mo.App. 355, 167 S.W. 1080; Arkansas-Missouri Power Corp. v. City of Potosi, 355 Mo. 356, 196 S.W. 2d 152 and cases therein cited; State ex rel. Smith v. Gardner, Mo.App., 204 S.W. 2d 319, loc.cit. 322. Conceding that mandamus cannot be employed to contest an election or try title to an office, it is apparent from a reading of the petition that neither of such objectives is sought in this proceeding. This is purely and simply an effort to compel the respondents to rewrite the minutes of the annual school district meeting so that they may recite truth rather than falsity.

Respondents argue that mandamus, being a discretionary writ, can be used only when the applicant has a clear, unequivocal, specific and positive right to the writ; that the only claim by relators to such a right is that they are citizens, taxpayers and resident householders of Edgewood School District No. 29.

The cases respondents cite in support of this contention, State ex rel. Cranfill v. Smith, 330 Mo. 252, 48 S.W. 2d 891; Perkins v. Burks, 336 Mo. 248, 78 S.W. 2d 845; State ex rel. R. Newton McDowell, Inc. v. Smith, 334 Mo. 653, 67 S.W. 2d 50; State ex rel. Hanlon v. City of Maplewood, 231 Mo.App. 739, 99 S.W. 2d 138; State ex rel. Huskey

v. Eversole, Mo.App., 177 S.W. 2d 654, loc.cit. 657; State ex rel. Cook v. Kelly, Mo.App., 142 S.W. 2d 1091, loc.cit. 1094; State ex rel. Becker v. Wehmeyer, Mo.App., 113 S.W. 2d 1031; State ex rel. Jacobsmeyer v. Thatcher, 338 Mo. 622, 92 S.W. 2d 640, loc.cit. 643, do not militate against the right of relators to maintain this suit. There is a public right and a corresponding public duty involved in this case. The people of the school district are the real moving party, and therefore the relators are not obliged to show any special or peculiar interest in the result of the case, beyond their general interest as citizens of the district. State ex rel. Rutledge v. St. Louis School Board, 131 Mo. 505, loc.cit. 514, 33 S.W. 3; State ex rel. Johnson v. Sevier, 339 Mo. 483, 98 S.W. 2d 677.

Respondents urge that this court should take notice of the fact that subsequent to the annual election referred to in the petition Edgewood School District together with nine other districts in Pike County adopted a reorganization plan at an election held pursuant to Article 4, Chapter 72, R.S.Mo., 1939, as amended by Laws 1947, S. B. No. 307; that directors have been elected for the enlarged district and that the ten component districts have delivered to the enlarged district all property, records, books and papers belonging to them and all funds in the hands of the county or township treasurer to the credit of the various districts; that the state and state agencies have recognized, approved and accepted the results of the last election. Respondents claim that the appellate court must look to the large public interest concerned and should act with due regard to the consequences which might result; that to reverse this case would affect the school system of approximately one-third of Pike County and result in a situation of confusion and disorder; and that the facts recited above were conceded by counsel for the appellants in the argument of the case before the trial court.

There is no concession in the brief of appellants that the court may review the case in the light of the subsequent developments referred to by respondents. On the contrary, counsel for appellants contends that these facts are not in the case and that this court should take no notice thereof. Under these circumstances, since these extrinsic matters do not appear upon the face of the petition they cannot be considered on this review. Geitz v. Blank, Mo.App., 108 S.W. 2d 1066, loc. cit. 1068.

The judgment of the circuit court should be reversed and remanded with directions to the trial court to proceed to hear the case on the merits, and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded, with directions to proceed to hear the case on the merits.

*Anderson, P. J., McCullen* and *Bennick, JJ.,* concur.