Ellowies DAVIS, Plaintiff-Appellant,

v.

Robert POETZ and CIBA–GEIGY Corporation, Defendants-Respondents.

No. 50860.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 24, 1986.

---

Elbert Dorsey, Collier, Dorsey & Edwards, P.C., St. Louis, for plaintiff-appellant.

Mark G. Arnold, Myron S. Zwibelman, David J. Massa, Charles A. Weiss, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Judge.

Plaintiff, Ellowies Davis, brought this action for wrongful death against defendants, Dr. Robert Poetz and CIBA–GEIGY Corporation. Plaintiff appeals from the trial court's order dismissing her claim without prejudice for failure to identify and produce her expert witnesses. We dismiss the appeal.

Plaintiff originally filed her petition against Dr. Poetz on April 9, 1981, alleging, *inter alia*, that Dr. Poetz had caused the death of plaintiff's daughter by negligently prescribing the drug Butazolidin Alka. Plaintiff later amended her petition to include CIBA–GEIGY Corporation—which manufactured Butazolidin Alka—as a defendant.

On April 30, 1981, Dr. Poetz served interrogatories on plaintiff, one of which requested plaintiff to identify any expert witnesses she intended to call at trial. On May 18, 1981, plaintiff responded that such witnesses were "unknown."

On August 2, 1982, defendant CIBA–GEIGY Corporation also served interrogatories on plaintiff, one of which requested plaintiff to identify any expert witnesses she intended to call at trial. One year later, on August 16, 1983, plaintiff again responded that such witnesses were "unknown."

After a series of trial dates were set but then continued, the case was finally set for trial on April 29, 1985. At a pretrial conference on April 18, 1985, both defendants pointed out to the court that plaintiff had yet to identify any of her expert witnesses. The court thereupon removed the case to the inactive trial docket and ordered plaintiff to supplement her interrogatory answers and identify her expert witnesses within ten days.

On April 29, 1985, plaintiff filed supplemental answers to defendants' interrogatories, identifying two physicians and one registered pharmacist that plaintiff intended to call as expert witnesses at trial. Upon investigation, defendants learned that neither of the physicians intended to testify as an expert witness for plaintiff. One of the physicians filed an affidavit stating that he had never received or reviewed any medical records of plaintiff's deceased daughter, that he had no knowledge of her medical condition or what may have caused such condition, and that he had no opinion regarding any causal connection between her medical treatment and her injuries or disease. The other physician, after being subpoenaed for a deposition, stated in writing through his attorney that he did not intend to serve as an expert witness for any party to this action.

Defendant CIBA–GEIGY Corporation deposed Robert Salter, the registered pharmacist identified by plaintiff. Mr. Salter testified that he is currently in the real estate business, that he is not a doctor, and that he has no opinion on the causation issue in this case.

Defendants thereafter filed separate motions to dismiss or, in the alternative, for summary judgment. Defendants argued that plaintiff could not make a submissible

case against either defendant without expert medical testimony establishing a causal connection between Dr. Poetz's conduct in prescribing Butazolidin Alka and the death of plaintiff's daughter. Defendants further argued that plaintiff had violated the applicable local rule by failing to timely disclose the identity of her expert witnesses,[1] and that plaintiff had failed to comply in good faith with the court's order of April 18, 1985, ordering her to disclose such witnesses.

On October 9, 1985, after a hearing on defendants' motions, the court again ordered plaintiff to identify her expert witnesses and produce them for depositions within ten days. The order further provided that if plaintiff failed to comply with such order her petition would be dismissed without prejudice. At a pretrial conference on October 31, 1985, the court learned that plaintiff had still not complied with the order of October 9, 1985. The court thereupon issued an order dismissing the case without prejudice as to both defendants. Plaintiff has appealed from that order, arguing that the trial court abused its discretion in ordering plaintiff to identify and produce her expert witnesses, and in sanctioning plaintiff for her failure to comply with that order.

Both defendants have filed motions to dismiss this appeal because the trial court's order dismissing plaintiff's case without prejudice does not constitute a final judgment and thus is not an appealable order. Defendant CIBA–GEIGY Corporation has also filed a motion for damages for frivolous appeal pursuant to Rule 84.19.[2]

■ As a general rule, this court has no jurisdiction to hear an appeal unless the appeal is taken from a final judgment or order. Section 512.020 RSMo 1978. A final judgment is one which disposes of all parties and all issues and leaves nothing for further determination. Rule 74.01; § 511.020 RSMo 1978; *Ritter v. Aetna Casualty & Surety Co.*, 686 S.W.2d 563, 564 (Mo.App.1985).

■ In *Miller v. Schultz*, 614 S.W.2d 11, 13 (Mo.App.1981), this court stated that "[a]n asserted order of dismissal without prejudice or with leave to amend is not a final judgment from which an appeal may be taken." In *Nicholson v. Nicholson*, 685 S.W.2d 588 (Mo.App.1985), this court further explained that a dismissal without prejudice may constitute a final judgment if it not only dismisses the petition but dismisses the action itself:

> If the dismissal was such that a refiling of the petition at that time would be a futile act, then the order of dismissal is appealable. Even a judgment of dismissal without prejudice may be res judicata of what is actually decided by it ... It may be essential to appeal from such a dismissal to prevent a loss of rights.

*Id.* at 589. In *Nicholson*, the court held that the dismissal of plaintiff's action without prejudice for failure to prosecute was not a final judgment for purposes of appeal because plaintiff could have refiled her petition within a year of the dismissal under § 516.230 RSMo 1978, the Missouri Savings Statute.

The question in the case before us is whether the dismissal of plaintiff's petition constitutes a final judgment for purposes of appeal. We hold that it does not. Section 537.100 RSMo Cum.Supp.1984 provides that if a plaintiff in an action for wrongful death under § 537.080 RSMo Cum.Supp. 1984 files his petition within the prescribed limitations period but suffers a nonsuit, "such plaintiff may commence a new action from time to time within one year after such nonsuit suffered...." Plaintiff in the

---

1. Local Rule 32.6 of the Twenty-First Judicial Circuit, St. Louis County, Missouri, provided as follows:

 Unless the Presiding Judge approves some later date, each party shall, not later than 10 days prior to the first trial setting, identify each person whom that party expects to call as an expert witness at trial and shall state the general nature of the subject matter on which the expert is expected to testify.

2. Both defendants have also filed motions regarding deficiencies in plaintiff's appellate brief. Our disposition of this appeal obviates any need to rule on those motions.

instant case is thus at liberty to refile her action against defendants. The order of dismissal without prejudice operated only to dismiss plaintiff's petition, and did not finally dispose of her cause of action. Accordingly, we hold that the dismissal is not an appealable order. Defendant CIBA-GEIGY Corporation's motion for damages for frivolous appeal pursuant to Rule 84.19 is hereby denied.

Appeal dismissed.

KAROHL, P.J., and SIMON, J., concur.