STATE of Missouri, ex rel., Lester
A. KESSLER, Appellant,

v.

Jim SHAY and the City of Grandview,
Missouri, Respondents.

No. WD 43191.

Missouri Court of Appeals,
Western District.

Jan. 15, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 5, 1991.

Application for Transfer Sustained
April 9, 1991.

Case Retransferred Sept. 16, 1991.

Court of Appeals Opinion Readopted
Sept. 19, 1991.

Michael T. White, Kansas City, for appellant.

James H. Ensz, Kansas City, for respondents.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Lester A. Kessler, appeals from an order of the trial court dismissing his action for mandamus, declaratory judgment and damages. This action involves the question of whether the respondent, City of Grandview, can lawfully withhold the issuance of a building permit for appellant's not having paid what is referred to

as a "Traffic Exaction". Respondent, Jim Shay, is the building official for the City of Grandview responsible for issuing building permits.

Appellant is the developer of certain property in Grandview, Missouri, known as Kessler's Second addition (hereinafter referred to as the "Property"). The Property is a strip of land approximately 1200 feet in length running east and west adjacent to 139th Street. The Property is approximately 130 feet deep with the western-most boundary adjacent to Botts Road. At the time of Kessler's purchase of the Property it was unplatted, but zoned for duplex use.

In 1979, appellant applied to the City of Grandview for approval of a subdivision plat for the Property. On February 28, 1979, the preliminary plat for the Property was approved by the Planning Commission of the City of Grandview dividing the Property into 13 lots. Appellant was then advised by the City that, pursuant to its subdivision regulations, as developer of the Property, he was required to pay, or make satisfactory arrangements to pay, fifty per cent of the cost of bringing the roads adjacent to the Property to the standards prescribed for residential collector streets. (This cost for adjacent road improvement is referred to herein as the "traffic exaction".) The City's subdivision regulations also provided for waiver or variation of the traffic exaction when, among considerations relevant herein, the subdivision plat was found to be of such size or shape or devoted to such usage that full conformity to the traffic exaction was impossible or impractical.

On June 27, 1979, a representative of appellant appeared before the City Planning Commission and objected to the amount of the traffic exaction. Thereafter on July 2, 1979, appellant submitted written objections to the Mayor and the Board of Alderman of the City of Grandview in regard to the traffic exaction.

The City Planning Commission, in a letter of transmittal to the City's Board of Aldermen dated November 13, 1979, recommended approval of appellant's plat and further recommended an escrow payment of $35,168 for the traffic exaction. No such escrow payment was made. However, on the same date, November 13, 1979, the Grandview Board of Aldermen passed Ordinance Number 2708 finding the plat to be in order and approving and accepting the final plat of the Property. No mention of the traffic exaction was made in the ordinance approving the final plat.

Beginning within the month following approval of the final plat, the City asserted its demand for payment of the traffic exaction. Various proposals in regard to appellant satisfying the traffic exaction and attempts at settlement were thereafter discussed, but the matter was never resolved by payment or otherwise.

In May of 1986, appellant was denied a building permit for a lot within the Property for the reason that the traffic exaction had not been satisfied. Appellant thereafter filed this action seeking: (1) an order from the court in mandamus compelling the issuance of a building permit; (2) a declaration that the traffic exaction was either waived as a matter of law or that it violates the Missouri Statutes and the State and Federal Constitutions; and (3) damages.

A hearing was held on the merits of appellant's action and on February 15, 1990, the trial court entered its order with findings of fact and conclusions of law. The trial court found that appellant's action was premature because appellant failed to exhaust his administrative remedies by not making application to and obtaining a determination from the planning commission and the Board of Aldermen on the question of whether he would be granted a waiver or variance of the traffic exaction. The trial court found all issues raised to be premature and ordered the cause dismissed without prejudice.

 Generally, an order of dismissal without prejudice is not a final judgment from which an appeal may be taken. *Davis v. Poetz*, 712 S.W.2d 68, 70 (Mo.App. 1986). However, when the trial court pronounces its judgment on the questions of law and fact arising and awards or refuses a peremptory mandamus, the court's judg-

ment is appealable. *Baker v. St. Francis Levee District,* 606 S.W.2d 668, 669 (Mo. App.1980). The trial court's order as it relates to appellant's request for relief in mandamus is appealable.

■ Upon appellate review of a mandamus proceeding the judgment of the trial court will be sustained unless no substantial evidence exists to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Brod v. Evans,* 738 S.W.2d 902 (Mo.App.1987).

■ Mandamus will issue to compel the performance of a ministerial duty but not to compel the performance of a discretionary duty. *State ex rel Lovell v. Tinsley,* 241 Mo.App. 690, 236 S.W.2d 24, 29 (1951). As applied to a public official, a ministerial act is defined as an act that law directs the official to perform upon a given set of facts, independent of what the officer may think of the propriety or impropriety of doing the act in a particular case. *State ex rel. School District No. 15, Pleasant Valley v. Baker,* 472 S.W.2d 865, 867 (Mo.App.1971). The issuance of a building permit is a ministerial act which the building commissioner may not legally refuse to perform if the requirements of the governing city ordinances are met. *State ex rel. Folkers v. Welsch,* 235 Mo.App. 15, 124 S.W.2d 636, 639-40 (1939).

The controlling facts herein are not in dispute. The essence of the dispute centers on whether or not the City of Grandview can deny appellant a building permit because of its position that appellant has failed to satisfy the traffic exaction as required under the City's subdivision regulations.

Appellant does not dispute that when the plat for the Property was approved on November 13, 1979, the City had determined that payment by appellant of the sum of $35,168, in escrow, was the amount necessary to satisfy the traffic exaction requirement of the City's subdivision regulations. However, appellant argues that the traffic *exaction is invalid and unenforceable or* alternatively, that by its actions the City waived the traffic exaction.

In addressing this appeal it must first be determined whether the trial court erred by finding that appellant's action was premature because appellant failed to make application to and obtain a determination from the Planning Commission and the Board of Aldermen in regard to waiver or variance of the traffic exaction. Respondents argue that the trial court was correct in this finding.

At the relevant times herein, the City of Grandview has had a duly enacted subdivision regulation which, as applied to appellant, required him to pay or make satisfactory arrangements for the payment of fifty per cent of the cost of bringing the streets adjacent to the Property to collector street status. Article 30, Section 40, Grandview City Ordinance 1692, as amended by Ordinance 1992. At the time the plat to the Property herein was approved the City's ordinances provided no formal procedure for requesting a waiver of a subdivision traffic exaction, but the final decision in this regard rested with the Board of Aldermen.

■ Appellant argues that he did seek a waiver of the traffic exaction by registering objections with the Planning Commission and the Board of Aldermen and that the City waived the traffic exaction by approving the plat to the Property.

The record reflects that a representative of appellant appeared before the Planning Commission on June 27, 1979, and objected to the amount of the traffic exaction. On November 13, 1979, the Planning Commission recommended approval of the plat to the Property to the Board of Aldermen and further recommended an escrow payment of $35,168, to satisfy the traffic exaction. On July 2, 1979, appellant submitted written objections to the traffic exaction to the Grandview Board of Aldermen. The Board of Aldermen took no action on appellant's objections per se. However, the plat to the Property was approved by the Board of Aldermen on November 13, 1979, without reference to the traffic exaction or appellant's objections thereto.

It is clear that appellant by his actions sought to have the traffic exaction waived or some variance therefrom granted from

both the Planning Commission and the Board of Aldermen. By failing to grant appellant any concessions both bodies effectively denied appellant any waiver of, or variance from, the traffic exaction. The finding of the trial court to the contrary is against the weight of the evidence.

■ As stated previously, the subdivision regulation in effect at the time of approval of appellant's plat provided that appellant was to make satisfactory arrangements for satisfaction of the traffic exaction. Furthermore, it was the City's practice to withhold plat approval until appellant paid or entered into a specific agreement to otherwise provide for payment of the traffic exaction. This practice was not mandated by the City's subdivision regulation in effect at the time. Therefore, approval of the plat did not constitute a waiver of the City's right to assess the traffic exaction. Appellant's traffic exaction obligation remains outstanding. Nonetheless, the plat was recorded as approved without exception requiring payment of the traffic exaction, and appellant is entitled to have a building permit issued in reliance upon the approved plat.[1]

■ Appellant's further arguments as to the constitutionality and validity of the traffic exaction were not addressed by the trial court on their merits. There is no final judgment in relation to the constitutionality and validity of the traffic exaction subject to appeal. The City of Grandview is free to pursue whatever proceedings might be available to attempt to enforce and receive payment of the traffic exaction, and any questions as to the constitutionality or validity of the traffic exaction not addressed here are subject to being addressed in a subsequent proceeding.

Likewise, appellant's claim for damages under 42 U.S.C. § 1983 and attorneys' fees under 42 U.S.C. § 1988, as a result of the City's refusal to issue a building permit were not addressed by the trial court and there exists no final judgment in relation to these claims.

The only other matters remaining in this appeal are Respondents' claim for attorney fees as "prevailing parties" in defense of appellant's claim under 42 U.S.C. § 1988 and request for attorneys' fees for appellant having filed a frivolous appeal. As stated previously, there was no final disposition of appellant's claim under 42 U.S.C., and therefore, neither of the parties can be said to have prevailed.

Respondents' claims for attorneys' fees under 42 U.S.C. and for frivolous appeal are denied.

Respondents do not have authority to withhold building permits for the Property for failure of appellant to satisfy the traffic exaction under the circumstances presented in this case. The judgment of the trial court denying appellant's petition for mandamus is reversed. There being no final judgment on the other claims of appellant, the appeal as to said matters is dismissed.

All concur.

■

---

1. The ordinance approving the plat provided that it was to be recorded within 30 days. It was approved on November 13, 1979, and recorded on December 27, 1979, more than 30 days following approval. Respondents argue on appeal that this invalidates the plat. This argument was not presented to the trial court and cannot be raised for the first time on appeal. *Berhorst v. J.L. Mason of Missouri, Inc.,* 764 S.W.2d 659 (Mo.App.1988).