**FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS, Plaintiff/Respondent,**

v.

**CITY OF ST. LOUIS, William C. Duffee and Edward Karch, Defendants/Appellants.**

No. 68025.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 5, 1995.

Tyrone A. Taborn, City Counselor, Edward J. Hanlon, Deputy City Counselor, Pa-

tricia A. Hageman, Asst. City Counselor, St. Louis, for appellant.

Daniel G. Tobben, Jerry J. Murphy, Reid, Murphy and Tobben, L.L.C., St. Louis, for respondent.

CRANDALL, Judge.

Defendants, The City of St. Louis (City) and City's Director of Personnel, William Duffe, appeal from the judgment of the trial court, in a court-tried case, which granted declaratory judgment in favor of plaintiff, The Firemen's Retirement System of St. Louis, and which enjoined City and its Director of Personnel from employing as a fire fighter defendant, Edward Karch,[1] who was retired from City's fire department and receiving retirement benefits. We reverse.

Our review of a court-tried case is guided by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In the case before us, the evidence was submitted to the court in the form of stipulated facts and documents.

The evidence established that Karch retired from City's fire department in October 1993, after 30 years of service as a fire fighter. He became the beneficiary of The Firemen's Retirement System of St. Louis (FRS) and received his pension benefits. In early 1994, City rehired Karch as a fire fighter. In March 1994, Karch elected to participate in the Deferred Retirement Option Plan (DROP) and attempted to alter his beneficiary status within FRS. FRS denied his application for participation in the DROP program. City refused to terminate Karch, despite FRS' requests to do so.

FRS brought the present action against City, City's Director of Personnel, and Karch. Count I sought a declaration that City was prohibited from hiring Karch as a fire fighter. Count II sought injunctive relief prohibiting City and its agents from hiring Karch and ordering the termination of Karch. After a court-tried case, the court entered the following Order and Judgment:

> Firefighters must be members of [FRS], but a person cannot be a member if he or she is "in receipt of a retirement allowance" because such benefits render the recipient a beneficiary rather than a member. Thus, Karch is not eligible to serve as a firefighter for the City so long as he is receiving retirement benefits. He is restrained from working as a firefighter for the City of St. Louis while he receives such benefits, and the City and Personnel Director are restrained from employing him as a firefighter during that time.

(Citations omitted).

City's sole point on appeal charges error in the trial court's conclusion that the ordinances governing FRS prohibited City from rehiring Karch as a fire fighter, once Karch received pension benefits from FRS.

Section 87.125, RSMo (1994) authorizes cities to provide for the pensioning of fire fighters. *Firemen's Retirement System of St. Louis v. City of St. Louis,* 789 S.W.2d 484, 486 (Mo. banc 1990). City created FRS by enacting chapter 4.18 of the City code. City's ordinances have counterpart provisions in the Missouri statutes which are substantially identical to the ordinances. *See* Chapter 87, RSMo (1994).

In interpreting ordinances, the appellate court gives words their plain and ordinary meaning, by considering the entire act and its purposes, and by seeking to avoid unjust, absurd, unreasonable, confiscatory, or oppressive results. *Firemen's Retirement System of St. Louis v. City of St. Louis,* 754 S.W.2d 21, 25 (Mo.App.1988). The appellate court will not impute an intent upon the lawmakers that is not evident on the face of the ordinance. *Id.*

Section 87.130(1), RSMo (1994) states that "[a]ll persons who are firemen shall be members [of FRS] as a condition of their employment...." *See also* § 4.18.020, St. Louis City Ordinances. Section 87.130(2), RSMo (1994) requires that "if any member becomes a beneficiary, he shall thereupon cease to be a member...." *See also* § 4.18.25, St. Louis City Ordinances. Section 87.120(4) defines beneficiary, in pertinent part, as "any person in receipt of a retirement allowance...." *See also* § 4.18.010(D), St. Louis City Ordinances.

---

1. The trial court also restrained Karch from working as a City fire fighter. Although Karch was listed as an appellant on the notice of appeal, the City Counselor's office withdrew as counsel for Karch and Karch did not file a separate brief on appeal. He, therefore, is not a party to this appeal.

■ FRS argues that based upon these ordinances, City did not have the authority to hire a fire fighter who was in beneficiary status, because a beneficiary of FRS is precluded from also being a member, a condition of employment as a fire fighter. In its petition for declaratory judgment, FRS' prayer requested the trial court to declare (1) that a retired fire fighter who was a beneficiary of FRS could not be a member of FRS, (2) that City's hiring of Karch was unauthorized and illegal, (3) that Karch's employment be terminated; and to make such other orders as the court deemed just and appropriate. In entering judgment in favor of FRS, the trial court declared that Karch was "not eligible to serve as a firefighter for the City so long as he [was] receiving retirement benefits." Reading the plain language of the ordinances, the trial court was correct in finding that the ordinances prohibited Karch from being a member of FRS at the same time he was a beneficiary of FRS.

■ The judgment of the trial court, however, is incomplete. The petition for declaratory relief also stated that Karch "applied for a program known as the 'DROP' program and ... thereby attempted to alter his beneficiary status within [FRS]." [2] Here, the ordinances do not prohibit a fire fighter from becoming a member of FRS once he or she becomes a beneficiary of FRS. The ordinances also do not preclude a fire fighter from foregoing or deferring receipt of his or her retirement benefits during the period of time that he or she is a member of FRS. Because the ordinances do not expressly prohibit City from rehiring a retired fire fighter, we do not impute such an intent. Accordingly, we enter the declaration that City has the authority to employ a fire fighter who is a beneficiary of FRS and the fire fighter is entitled to become a member of FRS and to forego receipt of his or her retirement benefits while he or she maintains membership status. Thus, Karch is eligible to serve as a fire fighter for City and to forego receipt of his retirement benefits while he is so employed. [3]

■ The court did not adjudicate the issue of whether Karch could alter his beneficiary status in order to regain employment as a fire fighter, although it may be implied from the judgment and from the position of the parties on appeal that the court did determine Karch was not entitled to do so. The judgment of the trial court, however, did not expressly address the issue of whether Karch could postpone receipt of his retirement benefits while he was employed as a fire fighter. Thus, the declaratory judgment, as written, did not resolve all the issues before the trial court; and the court erred in entering it.

■ In a declaratory judgment action the declaratory relief entered by the trial court in its judgment should be complete. *City of Hamilton v. Public Water Supply Dist. No. 2 of Caldwell County*, 849 S.W.2d 96, 101 (Mo.App.W.D.1993). All questions of right, status, or other legal relations encountered in adjudicating the controversy should be settled by a declaration of rights so as to end the uncertainty that gave rise to the proceeding. *Id.* Whether the ordinances prevented Karch from foregoing his pension benefits upon his re-employment as a fire fighter presents a purely legal question. We therefore enter the judgment the trial court should have entered and declare the rights and duties of City and FRS. *See Id.; see also* Rule 87.10.

In view of this declaration, we also find the trial court erred in granting FRS injunctive relief which prohibited City and City's Director of Personnel from hiring Karch.

---

2. Section 87.182, RSMo (1994) provides for a deferred retirement plan program (DROP). City has not adopted an ordinance parallelling this statute. In its reply brief, City argues that § 87.182 is not controlling and characterizes the DROP program as merely an example of "ways in which [FRS] could proceed in order to avoid the false conflict it has attempted to create between the pension scheme and Karch's employment."

3. We acknowledge that the method by which FRS permits Karch to forego his retirement benefits and regain membership status while he is employed as a fire fighter remains unresolved. City may decide to adopt an ordinance parallelling § 87.182 and thereby provide for a DROP program. Issues pertaining to Karch's rights and status in FRS upon return to employment as a fire fighter were not before the trial court, and thus are not before us on appeal. We therefore decline to address those issues.

The judgment of the trial court is reversed.

CRAHAN, P.J., and DOWD, J., concur.