Thomas Dale GOODNER, Appellant,

v.

Dan FORD, Chief of Police of the Village of Claycomo, Missouri, & the Board of Trustees of the City of Claycomo, and Five Unnamed Members of the Board of Trustees of the City of Claycomo, Missouri, Respondents.

No. WD 31147.

Missouri Court of Appeals, Western District.

June 9, 1980.

Larry M. Brummet, Jay T. Grodsky, Kansas City, for appellant.

Floyd A. White, North Kansas City, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an appeal from an order by the circuit court dismissing appellant's petition for administrative review. The dismissal was premised upon lack of jurisdiction over the subject matter. The judgment is reversed and remanded.

One point of error is presented on this appeal. Appellant alleges the circuit court erred in sustaining respondent's motion to dismiss because said dismissal failed to consider § 80.420, RSMo 1978 and § 536.150(1), RSMo 1978 relative to appellant's instant removal from his employment.

The record in this case is quite brief and a short recital of the facts suffices.

Appellant was employed as a police officer for the Claycomo Police Department. Respondent Claycomo enjoys the status of a village. Respondent Ford is the Chief of Police of the Village of Claycomo. In his petition, appellant alleges he was "instantly removed" from his employment by the joint action of respondents. Appellant further alleges that his removal was in absence of any wanton neglect of duty by him. In the responsive pleadings, appellant is charged with deliberate refusal to obey an order.

The issue to be resolved by this court is whether or not appellant, as an employee at

will, could be discharged without just cause or reason.

While appellant generalizes upon a constitutional due process allegation, the real issue turns upon the interpretation of §§ 80.240, 80.420 and 536.150(1), RSMo 1978, and the application of this interpretation to the instant case. These statutes read as follows:

"*80.240. Trustees—power of appointment.*—Such board of trustees shall have power to appoint an assessor, collector, marshal, treasurer, and such other officers, servants and agents as may be necessary, remove them from office, prescribe their duties and fix their compensation."

"*80.420. Marshal and policemen—removal.*—The policemen of the town, in the discharge of their duties, shall be subject to the orders of the marshal only as chief of police; but any marshal, assistant marshal or policeman may be instantly removed from his office by the board of trustees at a regular or called meeting, for any wanton neglect of duty."

"*536.150. Review by injunction or original writ, when—scope.*—1. When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed."

Section 80.240, by its reading, establishes that a police officer employed by a village is an employee at will and this status under the statute has been so interpreted, see *Cooper v. City of Creve Coeur*, 556 S.W.2d 717 (Mo.App.1977). By such definition and under such interpretation, an employee could be terminated without cause or reason at the desire or will of the employer village.

There is, however, a subsequent section, § 80.420, relating to the "instant removal" of police officers and that section has been interpreted as creating an exception to the rule of dismissal at will, see *Karzin v. Collett*, 562 S.W.2d 397 (Mo.App.1978). It has been determined that when removal is instantaneous for wanton neglect of duty, that such discharge is reviewable pursuant to § 536.150(1), see *Karzin v. Collett, supra.*

Respondents contend that the declaration within *Karzin v. Collett* is dictum. This declaration, which appears at 400, reads as follows:

"Because there are no statutes, ordinances, regulations or an employment contract which give appellant, as a village policeman, tenure of employment or restrict discharge in any way, except § 80.420 RSMo 1969, appellant was an employee at will. We can only interpret § 80.420 RSMo 1969 to create an exception from that status whenever a policeman is 'instantly removed.' Such a summary and extraordinary action is precondi-

tioned upon wanton neglect of duty. If appellant was 'instantly removed' for wanton neglect of duty, his discharge (as an administrative action) would be reviewable under § 536.150(1) RSMo 1969 . . . (citation omitted) . . . If, however, appellant was not 'instantly removed' but simply discharged, the determination of the adequacy of the grounds for his discharge is not subject to judicial review because, as an employee at will, he could be discharged for any reason or no reason."

This court cannot agree with respondents that the above declaration was dictum, but, in fact, was an issue disposed of by the court in that case.

In *Karzin v. Collett*, the facts surrounding the employee's discharge can be summarized as follows:

(a) Karzin was notified by mail some 12 days prior to formal action on his discharge.

(b) Karzin received two weeks severance pay in addition to vacation pay for 15 days.

(c) There were no allegations of wanton neglect of duty against Karzin.

The foregoing facts can be compared with those alleged in the instant case.

(a) Respondent board called a meeting at which appellant was discharged without notice.

(b) Appellant received no severance pay or vacation allowance.

(c) There are various charges directed toward appellant for wanton neglect of duty by way of responsive pleadings upon the record.

 This court finds that § 80.420, as interpreted in *Karzin v. Collett, supra*, does create an exception to the discharge of an employee at will when that discharge is instantaneous and was for wanton neglect of duty. It follows then that appellant was entitled to administrative review of his discharge pursuant to § 536.150(1).

The merits of appellant's contention do not fall within the purview of this court upon this appeal as the determination of those allegations rests at this juncture with the trier of facts.

This court does find that under the allegations of appellant's petition the circuit court had jurisdiction to hear the matter pursuant to § 536.150(1), and it was error for the circuit court to have attempted divestiture of such jurisdiction.

This cause is reversed and remanded with directions to the circuit court to set aside its order of dismissal, to take up said matter by way of administrative review and to make disposition thereof upon the merits.

All concur.