STATE of Missouri, ex rel. Robert L. HICKS, Relator-Appellant,

v.

VILLAGE OF BEL–RIDGE, Respondent.

No. 46918.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 20, 1984.

Motion for Rehearing or Transfer Denied April 20, 1984.

---

Harold G. Johnson, St. Ann, for relator-appellant.

Jess W. Ullom, Clayton, for respondent.

JEAN C. HAMILTON, Special Judge.

This is an appeal from a judgment of the Circuit Court of St. Louis County sustaining respondent's motion for judgment on the pleadings. Robert Hicks filed this action seeking reinstatement and back pay following discharge from his position as a patrolman for the Village of Bel-Ridge. Appellant contends that the trial court erred in entering judgment in favor of respondent because (1) he was dismissed without cause contrary to a local personnel rule; (2) his termination was contrary to Missouri law, Section 80.420, RSMo 1978 and Section 536.150(1), RSMo 1978; and (3) he was denied due process in violation of the Constitutions of the United States and of the State of Missouri. We disagree and affirm the judgment.

A motion for judgment on the pleadings admits the truth of all well-pleaded facts. *Madison Block Pharmacy, Inc. v. United States Fidelity and Guaranty Co.*, 620 S.W.2d 343, 345 (Mo. banc 1981). The amended petition and the exhibits incorporated therein are therefore reviewed pursuant to that principle.

Appellant was hired by the Village of Bel-Ridge in July, 1979. On July 10, 1980, the Chief of Police notified him by letter that he was suspended without pay, pending a recommendation to the Board of Trustees for his termination. Additionally, the letter set forth the reasons for his suspension, including alleged violations of a personnel regulation known as "Rule # 6, Discipline, Deportment and Grievances," which had earlier been adopted by the Chief of Police and approved by the Police Commissioner of the Village and his two deputy commissioners. Patrolman Hicks

appealed the notice of his suspension and a hearing was held before the Village Board of Trustees on March 28, 1981. By letter dated April 27, 1981, the Board of Trustees notified appellant that, following a review of his entire employment history with the village, it had affirmed his suspension without pay and had voted to discharge him from his position, effective April 27, 1981. Thereafter, appellant filed this action.

Section 80.240, RSMo 1978 empowers the board of trustees of a village, *inter alia,* to approve and to remove employees of that village. The nonrestrictive language of this statute permits an employee to be discharged at will by the board of trustees. *Goodner v. Ford,* 600 S.W.2d 681, 682 (Mo.App.1980); *Karzin v. Collett,* 562 S.W.2d 397, 400 (Mo.App.1978). Contrary to appellant's contention, Rule # 6 did not amend Section 80.240 so as to preclude dismissal at will and to permit dismissal only for cause. Rule # 6, as alleged in the amended petition, was adopted by the Chief of Police and approved by the Police Commissioner and his two deputies. The Board of Trustees is not alleged to have taken any action with respect to Rule # 6. Thus, having neither adopted nor approved that rule, the Board was not bound by its terms. The Board retained complete discretion to discharge employees at will, including appellant.

With respect to appellant's second contention, no facts are set forth in the amended petition from which to conclude that appellant was instantly removed from his position for wanton neglect of duty pursuant to the provisions of Section 80.-420, RSMo 1978. The facts pleaded establish the contrary. On July 10, 1980, the Chief of Police notified appellant that he was suspended and that his termination would be recommended to the Board of Trustees. Eight months later, on March 28, 1981, a hearing was held before the Board of Trustees. One month later, on April 27, 1981, appellant was notified by the Board that, on April 25, 1981, it had affirmed his suspension and had voted to discharge him from his employment, effec-tive that day. The Board's action was taken only after a review of appellant's entire employment history. This chronology, spanning nine months and including a hearing and notice of potential termination, fails to demonstrate instant removal under Section 80.420, RSMo 1978. Consequently, appellant is not entitled to judicial review of his discharge under Section 536.150, RSMo 1978 because as an employee at will he could be discharged for any reason or for no reason. *Christy v. Petrus,* 365 Mo. 1187, 295 S.W.2d 122, 124 (banc 1956); *Karzin v. Collett,* 562 S.W.2d at 400.

In his final contention, appellant asserts he was denied constitutional due process and, in particular, denied his right to a hearing on the "defamatory charges" made by respondent. This contention, however, is refuted by the allegations of his amended petition in which appellant alleges that a hearing was held before the Village Board of Trustees after notice of his suspension and prior to his discharge. Moreover, no facts are alleged that this hearing was constitutionally defective. Absent any factual allegations that his employer, the Village of Bel-Ridge, made public disclosure of the reasons for his dismissal which reasons defamed him, or that appellant was denied notice of the charges against him and was denied an opportunity to be heard regarding those charges, he has failed to state a cause of action upon which relief can be granted.

Judgment affirmed.

GAERTNER, P.J., and SMITH, J., concur.