CITY OF FLAT RIVER, a Municipal Corporation, and James Blake, City Manager of Flat River, Missouri, and Curtis Thurmond, Chief of Police of Flat River, Missouri, Appellants,

v.

Lester SHORT, Respondent.

No. 49554.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 21, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Charles W. Medley, Medley & Pultz, Framington, for appellants.

David L. Mayhugh, Mayhugh & Harris, Flat River, for respondent.

CRIST, Judge.

Respondent (policeman) filed a petition to review the administrative action of appellants in discharging him as a city policeman. The trial court sustained the petition for review and ordered policeman reinstated with back pay. We reverse.

Policeman was terminated from his employment on July 7, 1983 by appellant city manager on the recommendation of appellant police chief of appellant city (City). He was terminated for using excessive force in obtaining a sack of fireworks from Bonnie Plank. Policeman does not question the sufficiency of the evidence as to his use of excessive force. Rather, he bas-

es his case on the Personnel Manual of City which had been adopted by ordinance.

■ The trial court found the Personnel Manual provided for discharge of employees only for specific causes set forth in the manual. The use of excessive force was not one of the specific causes listed therein. Accordingly, policeman's termination was based on unlawful procedure. The trial court's order is erroneous for two reasons: (1) the Personnel Manual did not grant tenure of employment to policeman; and (2) the Personnel Manual did not limit discharge to those violations specifically set out in Section 20.51 of the manual.

The introduction to the Personnel Manual states:

This is a suggested guide only, and it is not the intent of the city to grant any employee any contractual commitment, expressed or implied, by its adoption.

By this limiting language the Personnel Manual did not grant tenure of employment. Absent contract for employment for a definite term or a contrary statutory provision, policeman was an employee at will who could be terminated at any time with or without cause. *State ex rel. Lukas v. City of Sikeston,* 668 S.W.2d 127, 132 (Mo.App.1984).

Language of similar limiting import is found in Section 84.490(1), RSMo 1978 which commences with "The chief of police shall serve during the pleasure of the board." Requirements for notice of reasons for dismissal, hearing, etc. follow. The Supreme Court of Missouri held this statute did not grant the chief of police any property right to continued employment. He could be removed by the board with or without cause at the board's discretion. *Van Kirk v. Board of Police Com'rs, etc.,* 586 S.W.2d 350, 353 (Mo. banc 1979).

■ Policeman contends even with the limiting language, City agreed on the record the Personnel Manual was controlling in this case. Policeman also asserts the clear meaning of the Personnel Manual was that no one was to be discharged ex-

cept for the causes listed in Section 20.51 of the Manual. We disagree.

The index of the Manual refers to disciplinary actions by reprimand, suspension, demotion and discharge. It further refers to violations relating to *immediate* dismissal and violations resulting in disciplinary action.

Section 20.0 provides for all disciplinary actions and states:

Any action which reflects discredit upon the City of Flat River or is a direct hindrance to the effective performance of the municipal government functions shall be considered good cause for disciplinary action against any officer or employee of the City....

Sections 20.1, 20.2, 20.3 and 20.4 of the Personnel Manual provide for reprimand, suspension, demotion and discharge.

Section 20.4 provides:

*Discharge.* A department head may dismiss a permanent employee, subject to the prior approval of the City Manager, for cause set out in these rules and regulations....

Section 20.51 provides for violations leading to *immediate* dismissal. Section 20.52 provides for violations resulting in disciplinary action, whether by reprimand, suspension, demotion or discharge. Nowhere are Sections 20.51 and 20.52 shown to be exclusive. The good cause provided by Section 20.0 was the good cause nowhere else provided for in the Personnel Manual. It is impossible for a police manual to precisely prescribe every affirmative duty or proscribe every act of misconduct for the myriad of factual situations presented to the police officer. *Cox v. Sayad,* 647 S.W.2d 884, 885–86 (Mo.App.1983). The use of excessive force by policeman was prohibited by Section 20.0. Section 20.4 provided for the procedure relating to his discharge.

■ We further find the Findings of Fact and Conclusions of Law dated July 20, 1983, and signed by appellant James Blake sufficiently complied with Section 536.090, RSMo 1978. Section 536.090 requires separate Findings of Fact and Conclusions of

Law. The Findings of Fact and Conclusions of Law therein are not artfully stated, but there are sufficient findings and conclusions to show policeman was discharged by reason of using excessive force while performing his duties as an officer of City.

The judgment of the trial court is reversed.

DOWD, P.J., and CRANDALL, J., concur.