James RAPP, Plaintiff–Appellant,

v.

CITY OF NORTHWOODS, Sylvester Jones, and Charlie Dooley, Defendants–Respondents.

No. 54922.

Missouri Court of Appeals, Eastern District. Division Three.

April 25, 1989.

Charles Dennis Barbour, Florissant, for plaintiff-appellant.

Timothy S. Murphy, St. Louis, Thomas Michael Flach, Clayton, for defendants-respondents.

SIMON, Judge.

James Rapp, appellant, appeals the sustaining of a motion for summary judgment in favor of the City of Northwoods (City), Sylvester Jones, Chief of Police of the City (Chief of Police), and Charles Dooley, Mayor of the City (Mayor), respondents, in a petition filed by Rapp against respondents for wrongful termination of employment as a police officer for the City.

On appeal, Rapp alleges the trial court erred in sustaining respondents' motion for summary judgment on Counts I and II of his petition in that the record presented genuine issues of material fact concerning: (1) respondents' failure to comply with Chapter 536 RSMo 1986 Administrative Procedure and Review; also whether Rapp's termination was unconstitutional, unlawful, capricious or an abuse of discretion; and, (2) the existence and terms of a written contract and whether respondents breached the contract by terminating Rapp. We affirm.

The entry of summary judgment is a drastic remedy. Therefore, summary judgment is proper only when the court determines from the pleadings, depositions and affidavits in the record that there is no material issue of fact and that the movant is entitled to judgment as a matter of law. *Seliga Shoe Stores v. City of Maplewood*, 558 S.W.2d 328, 331[1–3] (Mo.App.1977). On appeal, we review the record in the light most favorable to the party against whom the judgment is rendered; here, the appellant, James Rapp. *Id.*

The City of Northwoods is a city of the fourth class. Its power and duties are derived from the legislature, primarily from Chapter 79 RSMo 1986. In June, 1986, Rapp was employed as a police officer in the City Police Department. The record does not reveal how long Rapp had been employed by the City. On June 16, 1986, Rapp was terminated by the Chief of Police for conduct and language unbecoming an officer and for insubordination. Rapp was informed of his termination by letter dated June 16, 1986. Termination was effective upon Rapp's receipt of the notice.

Rapp, by letter to the Mayor dated June 23, 1986, requested the Mayor review his termination. This request was pursuant to Ordinance 80–8, Article VI, paragraph 5 which permits an employee of the City to present a grievance to the department head and the Mayor for consideration and allows the Mayor to consult with the Board of Aldermen (Aldermen) for final resolution of the problem. The Mayor informed Rapp, by letter dated June 30, 1986, that he had reviewed the action taken by the Chief of Police on terminating Rapp and was upholding the termination. However, the Mayor informed Rapp that he would treat Rapp's letter as a request for a grievance hearing and that he would consult with the Aldermen concerning the termination. The Mayor scheduled a hearing before the Aldermen for July 22, 1986, to review Rapp's termination. At the hearing, Rapp was present and represented by counsel. After completion of the hearing, a closed personnel meeting of the Aldermen was called to vote on the termination of Rapp. The Aldermen unanimously voted to terminate Rapp. On July 23, 1986, the Mayor sent written notice to Rapp of the decision to sustain his termination by the Chief of Police.

On August 21, 1986, Rapp filed a petition against the City, the Chief of Police, the

Mayor, the City Administrator, and the Aldermen. Subsequently, Rapp dismissed without prejudice as to the City Administrator and the Aldermen. In his petition, Rapp alleges the following: (1) plaintiff was hired by the City in the capacity of police officer; (2) on June 16, 1986, the Chief of Police terminated plaintiff's employment with the City; (3) plaintiff was notified of his termination from the City by letter dated June 16, 1986 and received by plaintiff on June 18, 1986; (4) in response to his termination from the City, plaintiff requested review by the Mayor and a hearing before the Aldermen; (5) the Mayor upheld the termination of plaintiff from the City police by letter dated June 30, 1986; (6) on July 22, 1986, a grievance hearing was held before the Aldermen. The Mayor again sustained Mr. Rapp's termination effective June 16, 1986; (7) plaintiff was entitled to certain procedures and rights. Those rights included the right to be terminated only for just and reasonable cause, the right to notice of his termination prior to termination, and the right to review before the Aldermen, subject to Missouri Administrative Procedure Act as set forth in Chapter 536 V.A.M.S; (8) the Mayor's and the Chief of Police's action in terminating plaintiff is unauthorized by law and local ordinance; (9) plaintiff is entitled to certain contractual rights with the City in his position as full time non-probationary police officer; (10) plaintiff was entitled to contractual rights as set forth in Ordinance 80.8 and as contained in the Personnel Handbook; and (11) plaintiff was not terminated in accordance with his contractual rights.

On March 26, 1987, the Chief of Police filed a separate answer and the City and the Mayor jointly filed a first amended answer. On August 12, 1987, respondents jointly filed a motion for summary judgment and an affidavit of the Mayor in support thereof. In the motion, respondents alleged that: (1) plaintiff was an employee at will of the City and could be discharged at will by the defendants; (2) plaintiff does not allege that he was em-ployed under any written contract, and as a result, plaintiff was necessarily an employee at will, subject to dismissal at will under R.S.Mo 79.240; (3) fourth class cities in Missouri have no authority to enact ordinances or execute contracts which elevate the status of an employee at will, nor do they have authority to give employees civil service type status; (4) even if fourth class cities pass ordinances similar to those of the City, said ordinances are null and void if said ordinances conflict with the Revised Statutes of Missouri; and (5) plaintiff was properly discharged by a unanimous vote of the Aldermen.

The Mayor's affidavit alleged that: (1) Rapp was terminated by unanimous vote of the Aldermen; (2) Rapp was not employed by the City under any type of written contract and thus was an employee at will; and, (3) Rapp was terminated in accordance with § 79.240 RSMo 1986. Attached to the Mayor's affidavit was a certified copy of the minutes of the July 22, 1986, closed personnel meeting of the Aldermen where the Aldermen voted to terminate Rapp's employment with the City.

On September 23, 1987, the motion for summary judgment was heard and sustained on February 3, 1988. Subsequently, Rapp's motion for reconsideration and to set aside the summary judgment was overruled.

We shall review Rapp's second point, initially, wherein he contends the trial court erred in sustaining respondents' joint motion for summary judgment on Count II in that the record presented a genuine issue of material fact concerning the existence and terms of a written contract and whether respondents breached the contract by terminating Rapp. It is respondents' position that: (1) Rapp, under the provisions of § 79.240 RSMo 1986, is an employee at will and thus could be dismissed at will by respondents; and, (2) Ordinance 80–8 which provides that a permanent employee can only be terminated for cause and upon proper notice is in conflict with § 79.240 RSMo 1986 and thus, the ordinance is void.

The record does not contain a written contract of employment. However, Rapp contends that a written contract was embodied in Ordinance 80–8 and the Personnel Handbook given to all City employees.

Ordinance 80–8 states, in pertinent part:

\* \* \* \* \* \*

4. *Permanent Employees.*

Permanent employees holding positions of Classified Service may be suspended without pay, reduced in pay or class, or removed for just and reasonable cause by the department head. Permanent employees shall be dismissed only after having been given written notice.

The Personnel Handbook states in pertinent part:

\* \* \* \* \* \*

A permanent employee may be suspended without pay, reduced in pay or class or removed for just and reasonable cause by the department head. Permanent employees shall be dismissed only after being given written notice....

Section 79.240 RSMo 1986 provides:

79.240. Removal of officers

The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office, for cause shown, any elective officer of the city, such officer being first given opportunity, together with his witnesses, to be heard before the board of aldermen sitting as a board of impeachment. Any elective officer, including the mayor, may in like manner, for cause shown, be removed from office by a two-thirds vote of all members elected to the board of aldermen, independently of the mayor's approval or recommendation. The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals.

■ Section 79.240 allows for removal of elective and appointive officers. Rapp is not an elective officer, but as a police officer of a fourth class city, is an appointive officer within the meaning of § 79.240 RSMo 1986. Section 79.240 RSMo 1986 permits the discharge of appointive officers of a fourth class city to be effected without a hearing as to the reason for discharge. *Amaan v. City of Eureka,* 615 S.W.2d 414, 416[1] (Mo. banc 1981).

Reviewing Ordinance 80–8 in light of § 79.240 RSMo 1986, and its interpretation by our Supreme Court in *Amaan, supra,* it is clear that a conflict exists between the ordinance and the statute. Because the state law confers on the Mayor the power to remove a police officer at any time it suits his pleasure, with the consent of the majority of the Aldermen, it follows that an ordinance of the City which in any way restricts this power is contrary to the state law and cannot impinge the authority of the Mayor to remove police officers. *Russell v. City of Raytown,* 544 S.W.2d 48, 51[4, 5] (Mo.App.1977). It is, of course, well settled that a municipal ordinance must be in harmony with a general law of the state upon the same subject and is void if in conflict therewith. *Kansas City v. LaRose,* 524 S.W.2d 112, 116[6] (Mo. banc 1975). Section 71.010 RSMo 1986. Thus, Ordinance 80–8, as it applies to the removal of a police officer, conflicts with § 79.240 RSMo 1986.

■ Further, as to Rapp's contention as to the Personnel Handbook, our Supreme Court, in *Johnson v. McDonnell Douglas Corporation,* 745 S.W.2d 661 (Mo. banc 1988), concluded that an employee handbook did not form the basis for an employment contract. For an employee at will to state a claim for wrongful discharge on a basis of a contract, he must plead the essential elements of a valid contract and a discharge in violation thereof. The essential elements of a valid contract include offer, acceptance and bargained for consideration. *Id.* at 662[1, 2–5]. Here, the em-

ployee handbook did not constitute a contract. Further, the essential elements of a contract were not pled.

■ Rapp was terminated by the Chief of Police. The Mayor upheld the termination but allowed a grievance hearing before the Aldermen and the Mayor to review Rapp's termination. Subsequently, the Mayor, with the unanimous consent of the Aldermen, upheld the termination. Thus, the requirements of § 79.240 RSMo 1986 were satisfied. Rapp's second point is not meritorious.

■ In Rapp's first point, he contends that respondents were required to comply with Chapter 536 RSMo 1986, Administrative Procedure and Review. Since Rapp is an employee covered under § 79.240 RSMo 1986 and could be terminated by the Mayor, with the consent of a majority of the Aldermen, for any reason, he is not entitled to an administrative review of his discharge. *Hicks ex rel. v. Village of Bel–Ridge*, 669 S.W.2d 251, 253[3] (Mo.App. 1984).

Judgment affirmed.

DOWD, P.J. and HAMILTON, J., concur.