STATE of Missouri, ex rel. the TREA-SURER OF the State of Missouri, as Custodian of the Second Injury Fund, Relator/Respondent,

v.

The Hon. Mark SIEDLIK, Chief Judge, Division of Workers' Compensation, St. Louis, Respondent/Appellant.

No. 62651.

Missouri Court of Appeals, Eastern District, Division Four.

April 13, 1993.

Nile D. Griffiths, Randall, Keefe & Griffiths, St. Louis, for appellant.

Charles E. Polk, Jr., Andrew J. Lay, Marvin Lindmark, III, Husch & Eppenberger, St. Louis, for respondent.

CRANE, Judge.

The circuit court of the City of St. Louis issued a writ of mandamus ordering the Administrative Law Judge (ALJ) to dismiss Second Injury Fund claimant's claim on the ground it was barred by a settlement agreement in an Illinois case. We reverse on the ground that the Missouri Workers' Compensation Act does not give the ALJ authority to dismiss claims except for failure to prosecute.

On April 19, 1989, claimant, Jimmy Galloway, filed a claim under the Illinois Workers' Compensation Act against his St. Louis, Missouri employer, ITT/Continental Baking (ITT), for an injury that took place on July 16, 1980 in Belleville, Illinois. On May 14, 1990, claimant and ITT settled the Illinois claim for $90,000. The settlement agreement further provided, "[t]his also closes out any claim under Missouri Workers' Compensation Act."

On June 8, 1990, Galloway filed a claim with the Missouri Division of Workers' Compensation against the Second Injury Fund. On September 24, 1990, the Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, filed a motion to dismiss the Second Injury Fund claim on the basis that the settlement agreement between ITT and Galloway prohibited a claim against the Second Injury Fund. The Hon. Mark Siedlik, chief administrative law judge of the St. Louis office of the Missouri Division of Workers' Compensation, denied the motion, stating he did not believe he had the "power" to grant the motion.

On June 23, 1991, the Treasurer filed a petition for mandamus with the circuit court of the City of St. Louis requesting the circuit court to order the ALJ to dismiss the Second Injury Fund claim. On

July 3, 1991, the circuit court granted a preliminary order in mandamus. The Treasurer subsequently moved for summary judgment. On July 28, 1992, the circuit court granted summary judgment in favor of the Treasurer and directed the ALJ to dismiss with prejudice the Second Injury Fund claim. Appellant appeals from this order.

When considering an appeal from a motion for summary judgment, we view the record in the light most favorable to the non-moving party, and determine whether any genuine issue of material fact exists, and, if not, whether the judgment is correct as a matter of law. *Meyer v. Enoch*, 807 S.W.2d 156, 158 (Mo.App.1991). In this case appellant does not claim that there is any genuine issue of material fact, but argues the judgment is incorrect as a matter of law. He contends that the Treasurer failed to exhaust administrative remedies and that the Illinois settlement did not bar the Missouri Second Injury Fund claim.

■ For his first point on appeal, appellant asserts that a writ of mandamus is not an appropriate remedy because proper administrative remedies were not exhausted. Although we agree that the writ was not appropriate, a more fundamental principle is at issue than the exhaustion of administrative remedies. The writ was not appropriate in this case because it compelled the ALJ to dismiss the action on the ground that the action was barred by the Illinois settlement. The Missouri workers' compensation laws provide an ALJ may dismiss only for failure to prosecute. Mandamus should not have issued to compel the ALJ to take an action not authorized by statute.

■ Mandamus is available to compel performance of a particular act by one who has an unequivocal duty to perform the act. State ex inf. *Riederer v. Collins*, 799 S.W.2d 644, 646 (Mo.App.1990). The right to be enforced must be clearly established and presently existing. *Id.* Whether a petitioner's right to mandamus is clearly established and presently existing is determined by examining the statute under which petitioner claims the right. *Id.*

In its petition for mandamus, the Treasurer did not cite any statute or rule to establish his right to have a claim dismissed by the ALJ. Instead he based his claim on the language of the settlement documents. The Treasurer alleged that the ALJ denied the motion because he did not believe he had the "power" to grant such a motion. The ALJ was correct in his assessment of his authority.

Administrative law judges are appointed by the Division of Workers' Compensation. Section 287.610.1 RSMo (Cum.Supp.1992). They only have jurisdiction to hear and determine claims upon original hearing in those claims on which a hearing is necessary. Section 287.610.2. They may approve contracts of settlement. *Id.*; § 287.-390 (Cum.Supp.1990). The only power to dismiss an action expressly granted to an ALJ under the Act is the authority to dismiss for want of prosecution. Section 287.-655 RSMo (Cum.Supp.1989).

■ Although a motion to dismiss is available under the Missouri Rules of Civil Procedure, those rules are not applicable to workers' compensation proceedings. *Silas v. ACF Industries, Inc.*, 440 S.W.2d 189, 192 (Mo.App.1969). The Workers' Compensation Act "is an exclusive and complete code and provides for its own procedure." *Groce v. Pyle*, 315 S.W.2d 482, 492 (Mo. App.1958). The Act provides that all proceedings before the commission or an ALJ "shall be simple, informal and summary." Section 287.550 RSMo 1986. The ALJ is required to "hear in a summary proceeding the parties at issue and their representatives and witnesses and shall determine the dispute." Section 287.460 RSMo.1986. The resolution of the dispute is contained in the award. *Id.* Except for dismissal for failure to prosecute, the statutory scheme does not contemplate dispositions of cases on motions, but disposition by hearing and award.

The petition for mandamus does not establish any right to have a claim dismissed by an ALJ on a motion for a reason other than failure to prosecute. Accordingly the order granting the writ must be reversed. Because disposition of this issue disposes

of this appeal, we do not reach the other issues raised on appeal. The claim should proceed before the Division of Workers' Compensation which can adjudicate the effect of the Illinois settlement in making its award.

Reversed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.